O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1870 AHM (VBKx) | Date | February 13, 2009 |
|---|---|---|---|
| Title | GOPETS LTD. v. EDWARD HISE, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | | Not Reported | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

The Court GRANTS the application of Plaintiff Gopets, Ltd. for the award of reasonable attorneys' fees in the amount of $76,260.[1]

In granting Plaintiff's partial summary judgment motion, the Court found that Plaintiff was entitled to an award of reasonable attorneys' fees under 15 U.S.C. § 1117(a).  *See* June 10, 2008 Order (Docket No. 204).  The Court wrote:

> Plaintiff shall submit a declaration in support of a requested fee award limited to their counsel's efforts in obtaining and enforcing the preliminary injunction.  It shall present an application that includes their timesheets and all the data necessary to show the billing rates for compensable attorneys and paralegals (including changes, if any, that occurred during that period).  The Court will not award fees for time incurred by attorneys who performed paralegal-level services and generally will not award fees for duplicative work or internal conferences, so the attorneys' fees application should be prepared accordingly.

June 10, 2008 Order at 24.  At the hearing on Plaintiff's motion, the Court also authorized Plaintiff to include the time accrued in preparing its opposition to Defendants' extremely belated "Motion for Leave to file Supplemental Statement of Genuine Issues of Material Fact."

---

[1] Docket No. 201.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1870 AHM (VBKx) | Date | February 13, 2009 |
|---|---|---|---|
| Title | GOPETS LTD. v. EDWARD HISE, *et al.* | | |

     In its fee application, the law firm representing Plaintiff, Proskauer Rose LLP, requests that the Court award fees of $213,675.76 for work related to the preliminary injunction motion and $1,875 for work related to opposing Defendants' motion, for a total of $215,550.76.

     The amount of a "reasonable" fee award pursuant to 15 U.S.C. § 1117(a) is within the Court's discretion. *See Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1026-27 (9th Cir. 1985); *Horphag Research Ltd. v. Pellegrini*, 337 F.2d 1036, 1042 (9th Cir. 2003). The "'most useful starting point for determining the amount ... is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1939 (1983)). Hours that are "not reasonably expended, *i.e.*, hours that are 'excessive, redundant, or otherwise unnecessary'" are excluded from the award. *Id.* (quoting *Hensley*, 103 S.Ct. at 1940).

     Applying these principles, the Court finds that a reasonable fee award in this case is $76,260. This award is based upon the following findings, factors, and considerations.

1.    The Court has excluded the fees the Proskauer firm incurred for drafting the Complaint and analyzing answers to the Complaint from March 12, 2007 to May 29, 2007. *See* Declaration of Tanya L. Forsheit ¶ 6 & Ex. A, pp. 11-18. The Court did not authorize fees for this work to be included in the application.

2.    Similarly, the Court has excluded 83 percent of the fees incurred from June 30, 2007 to October 23, 2007. *See* Forsheit Decl. ¶ 7 & Ex. A, pp. 20-41.[2] The Proskauer firm spent 110.5 hours in that period. An itemized review of the timesheets reveals that 19 hours were spent on preliminary injunction research, analysis and drafting, while the remainder was spent on discovery. Hence, 83 percent of the time billed during that period was for discovery. A mathematical adjustment results in $8,051 being the fees incurred for work on the injunction.

     When the Court ruled that fees would be recoverable for obtaining and enforcing

---

[2]Forsheit Declaration ¶ 7 mistakenly stated that this time period was from June 30, 2007 to October 21, 2007.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1870 AHM (VBKx) | Date | February 13, 2009 |
|---|---|---|---|
| Title | GOPETS LTD. v. EDWARD HISE, *et al.* | | |

the preliminary injunction, it did not intend to allow recovery of fees for garden variety discovery.  The Proskauer firm argues that it would not have been able to present an adequately supported case for a preliminary injunction without this discovery.  The Court disagrees.  Although the extensive discovery that occurred in this period may have been necessary to prevail on summary judgment, in particular to prevail on the issue of Defendants' willfulness, it was not necessary for obtaining a preliminary injunction.  The key facts that supported a preliminary injunction -- Plaintiff's superior trademark rights and the fact that Defendants was operating a confusingly similar website that used Plaintiff's mark -- were established through affidavits and Internet print-outs.  That such extensive discovery predated the filing of the preliminary injunction motion was the result of Plaintiff's strategic decisions: It waited six months after it filed this suit before seeking a preliminary injunction, and shortly thereafter it filed its motion for partial summary judgment, relying mostly on discovery it had obtained prior to the preliminary injunction proceeding.  Not all of the hours spent on discovery in this period were reasonably expended in obtaining a preliminary injunction.

3.     The Court has excluded the fees incurred for preparing the motion for leave to file a First Amended Complaint from January 25, 2008 to February 28, 2008.  Forsheit Decl. ¶ 9 & Ex. A, pp. 60-76.  This motion was only marginally related to the preliminary injunction proceedings; it was not "enforcement" of the preliminary injunction.

4.     The bulk of the fee award comes from the preliminary injunction work done from November 3, 2007 to January 29, 2008 and the opposition to Defendants' motion in May 2008.  The Proskauer firm claims 278.75 hours of work by seven attorneys during the first period (November 3, 2007 to January 29, 2008) for the preparation of the preliminary injunction motion, the preparation of reply papers, and preparation for and attendance at the hearing, and enforcement of the preliminary injunction.  Forsheit Decl. ¶ 8 & Ex. A pp. 43-61.  The Proskauer firm did not break down this significant block of hours in a meaningful way; it provided a month-by-month summary, rather than a task-by-task summary.  *See* Forsheit Decl., Ex. B (monthly summary, with discounts shown).  To analyze this significant block of hours more carefully, the Court compiled the following chart based on the invoices in Exhibit A to the Forsheit Declaration.
//
//
//

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1870 AHM (VBKx) | Date | February 13, 2009 |
|---|---|---|---|
| Title | GOPETS LTD. v. EDWARD HISE, *et al.* | | |

| **Attorney** | **Hourly rate** | **Hours** | **Fees** |
|---|---|---|---|
| *Preparing the Preliminary Injunction Motion from November 3, 2007 to November 26, 2007* | | | |
| Firestein (partner) | $635 | 4.75 | $3,016.25 |
| Forsheit (new partner) | $600 | 53.25 | $31,950 |
| Paine (Sr. counsel) | $615 | 2 | $1,230 |
| Davidson (2nd year associate) | $350 | 73.75 | $25,812.50 |
| Petersen (Legal assistant) | $250 | 17.25 | $4,312.50 |
| *Total* | | 151 | $66,321.25 |
| *Total after 10% discount* | | | $59,689.13 |
| *Preparing the Reply for the Preliminary Injunction Motion from December 3, 2007 to December 12, 2007* | | | |
| Firestein | $635 | .25 | $158.75 |
| Forsheit | $600 | 35.75 | $21,450 |
| Davidson | $350 | 1.25 | $437.50 |
| Petersen | $250 | 2.5 | $625 |
| *Total* | | 39.75 | $22,671.25 |
| *Total after 10% discount* | | | $20,404.13 |
| *Preparing for and Attending the Preliminary Injunction Hearing from December 14, 2007 to December 17, 2007* | | | |
| Firestein | $635 | 2.25 | $1,428.75 |
| Forsheit | $600 | 10 | $6,000 |
| *Total* | | 12.25 | $7,428.75 |
| *Total after 10% discount* | | | $6,685.88 |

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1870 AHM (VBKx) | | Date | February 13, 2009 |
|---|---|---|---|---|
| Title | GOPETS LTD. v. EDWARD HISE, *et al.* | | | |

| **Attorney** | **Hourly rate** | **Hours** | **Fees** |
|---|---|---|---|
| *Follow-up Work Enforcing the Preliminary Injunction from December 19, 2007 to January 29, 2008* | | | |
| Firestein | $635 | 9 | $5,715 |
| Forsheit | $600 | 40.5 | $24,300 |
| Paine | $615 | .75 | $461.25 |
| Davidson | $350 | 10 | $3,500 |
| Petersen | $250 | .75 | $187.50 |
| Brennan (4th year associate) | $390 | .5 | $195 |
| *Total* | | 151 | $34,358.75 |
| *Total after 11% discount*[3] | | | $30,579.29 |

   As for the time spent opposing Defendants' motion in May 2008, Forsheit's affidavit states that she spent 1.5 hours (at $600 per hour) and Davidson spent 2.5 hours (at the rate of $390 per hour), for a total of $1,875. Forsheit Decl. ¶ 10. There is no invoice indicating the amount that was actually billed to the client, so the Court will assume that the firm provided a 10 percent discount, because for most months it provided a discount of at least 10 percent. *See* Forsheit Decl., Ex. B. After excluding the hours that are not compensable and adding up the fees for the hours that are compensable, the resulting figure is $119,046.

5.   From June 30, 2007 to May 2008, the total fees sought for compensable time are $127,097. The Court reaches this result notwithstanding that it views the hourly rates as very high. But they are commensurate with the rates of firms of the stature and prowess of the Proskauer firm, so they are not unreasonable. However, the Court finds that an award of $127,097 would not be reasonable, for the following reasons.

---

   [3]The Proskauer firm provided a 10% discount in December and a 12% discount in January. *See* Forsheit Decl., Ex. B. For simplicity, the Court will apply a 11% discount to this calculation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1870 AHM (VBKx) | Date | February 13, 2009 |
|---|---|---|---|
| Title | GOPETS LTD. v. EDWARD HISE, *et al.* | | |

First, the timesheet entries are vague and suggest significant duplication of work.[4] For example, the entries for November 2007 for two attorneys who spent the most time on the preliminary injunction motion, Forsheit and Davidson, were almost entirely for "analysis," "research" and "drafting" for the motion, with no details to indicate that they worked on different issues or different sections of the motion. Similarly, in July and August 2007 three attorneys together spent at least seven hours "research[ing] the admissibility" of archived web pages, web pages and blog postings. As another example, the entries on January 18, 2008 indicate that Firestein, Forsheit and Davidson all participated on a conference call with Erik Bethke, the client representative, and all billed their time for it. A final example of excessive hours is the time billed for preparing a two-page opposition to Defendants' untimely and improper motion in May 2008. The simple, pro forma objections raised in that opposition should not have taken two attorneys a total of four hours to prepare. In sum, on too many occasions, it appears, at least two, and at times three or more attorneys, did the same task (*e.g.*, reviewed a certain declaration, participated in a call with opposing counsel, reviewed and revised a proposed order). Hence, a fees award based on the Proskauer firm's actual billing would be excessive.

Second, the Court takes into account that the Proskauer firm utilizes quarter-hour billing, instead of one-tenth of an hour, and that certain of the time entries lump together multiple tasks, practices that could lead to inaccurate timekeeping and make it difficult for the Court to evaluate the reasonableness of billing.

Third, the Court considers Defendants' limited means and "comparative lack of sophistication" (June 10, 2008 Order at 23) and the fact that the Court has already assessed $118,000 in statutory damages.[5] The same factors of bad faith, egregiousness of

---

[4]*See Protection One Alarm Monitoring, Inc. v. Executive Protection One Security Service, LLC.*, 553 F.Supp.2d 201, 208-10 (E.D.N.Y. 2008) (thirty percent reduction in hours of legal work was warranted, in determining reasonable attorney fees award, in trademark infringement action, to reflect vague entries and some duplicative and excessive work in counsel's billing records).

[5]*See Scholastic, Inc. v. Stouffer*, 246 F.Supp.2d 355, 359-60 (S.D.N.Y. 2003) (reducing by two-thirds attorney fees awarded against trademark and copyright infringement claimant for defending her pursuit of frivolous Lanham Act claims, despite exceptional, bad faith nature of those claims, where claimant was individual of limited means).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1870 AHM (VBKx) | Date | February 13, 2009 |
|---|---|---|---|
| Title | GOPETS LTD. v. EDWARD HISE, *et al.* | | |

trademark violations, amount of injury to Plaintiff, and the like underlie both the statutory damages and the fees award.  To award all the fees the Proskauer firm incurred for compensable tasks would be to substantially overstate the amount of bad faith involved as well as the necessity of those expended hours.  Under 15 U.S.C. § 1117(a), awards are "never automatic and may be limited by equitable considerations."  *Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704, 711 (9th Cir. 1999) (citations and internal quotations omitted).  For all of these reasons, acting within its discretion, the Court has reduced the fees by 40 percent, leaving a total of $76,260 (rounded off).

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |