O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-01870 AHM (VBKx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | GOPETS LTD. v. EDWARD HISE, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

     Plaintiff GoPets Ltd. has moved for $56,859.20 attorneys' fees.[1] For the reasons stated below, the Court finds that Plaintiff is entitled to $40,335.00 in attorneys' fees.

## I.      INTRODUCTION

     In March 2007, Plaintiff GoPets Ltd. filed suit against Defendants Edward Hise, Joseph Hise, and Digital Overture Inc. Plaintiff's claims centered around Defendants' use and registration of the domain name and website "gopets.com." As relevant here, Plaintiff's complaint alleged cybersquatting under the Anticybersquatting Consumer Protection Act ("ACPA"), service mark infringement under the Lanham Act, and unfair competition under the Lanham Act. Subsequently, Plaintiff amended its complaint to allege similar claims for eighteen additional domain names.

     On June 10, 2008, the Court granted Plaintiff partial summary judgment. (Dkt 204.) The Court held that (1) Defendants had violated the ACPA by registering gopets.com, (2) Defendants had violated the ACPA by registering the additional eighteen domain names, (3) Plaintiff had demonstrated a valid and protectable "GOPETS" mark, and (4) Defendants were liable for service mark infringement and unfair competition based on their use of the GOPETS mark on gopets.com. The Court awarded Plaintiff a total of $118,000 in statutory damages. Of this amount, $100,000 was for the ACPA claim related to gopets.com. The remaining $18,000 was comprised of $1,000 in damages for each of the additional eighteen domains. The Court also ordered

---

[1] Dkt. 330.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-01870 AHM (VBKx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | GOPETS LTD. v. EDWARD HISE, *et al.* | | |

Defendants to transfer gopets.com and the additional domains to Plaintiff. Although Plaintiff had prevailed on its service mark and unfair competition claims, the Court did not award any additional relief based on these claims. Finally, the Court awarded Plaintiff $76,260 in attorneys' fees.

Defendants appealed to the Ninth Circuit, which reversed this Court on one issue. *GoPets Ltd. v. Hise*, 657 F.3d 1024 (9th Cir. 2011). The appellate court held that Defendants did not violate the ACPA with respect to gopets.com. *Id.* at 1030–32. In addition, because the award of attorneys' fees was based in part on Defendants' registration of gopets.com, the court vacated the fee award. *Id.* at 1035. In all other respects, the Ninth Circuit affirmed this Court. The appellate court subsequently remanded the case to allow this Court to consider whether Plaintiff is entitled to additional relief under the Lanham Act and to reconsider the award of attorneys' fees. *Id.*

After the case was remanded, Plaintiff informed the Court that it was not interested in pursuing any additional relief under the Lanham Act. (Dkt. 291.) The only question that remains, therefore, is whether Plaintiff is entitled to attorneys' fees.

Plaintiff has moved for $56,859.20 in attorneys' fees. Of this total amount, $51,094.20 represents Plaintiff's requested fees for the claims it prevailed on. The remaining $5,765.00 represents Plaintiff's requested fees for the work it performed to establish its right to attorneys' fees.

## II. DISCUSSION

In Lanham Act cases, the Court may award reasonable attorneys' fees to the prevailing party in "exceptional" cases. 15 U.S.C. § 1117(a). This provision extends to claims brought under the ACPA. *Id.* Generally, a case is "exceptional" if the defendant's conduct was "malicious, fraudulent, deliberate or willful." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir. 1993.)

### A. Plaintiff is entitled to attorneys' fees

Although Plaintiff is no longer the prevailing party with respect to the gopets.com ACPA claim, it remains the prevailing party with respect to the ACPA claims for the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-01870 AHM (VBKx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | GOPETS LTD. v. EDWARD HISE, *et al.* | | |

additional eighteen domain names as well as the service mark and unfair competition claims under the Lanham Act.

Furthermore, as the Court previously found, this case is an "exceptional" case within the meaning of § 1117(a). The Court's summary judgment order noted numerous facts that demonstrate Defendants' bad faith and willfulness:

> For example, E. Hise stated at his deposition that "the average person - if you say go to GoPets . . . would probably assume to go to GoPets.com. . .Everybody knows on the Internet when you say GoPets, you're going to GoPets.com. Everybody knows that." SUF ¶¶ 54-55. Despite that knowledge, he and his co-defendant proceeded to register even additional potentially confusing domain names during the very pendency of this lawsuit. Moreover, documents produced by non-party GoDaddy.com, Inc., a top domain name registrar, show that Defendants have registered over 1,300 domain names. SUF ¶ 60. Finally, the fact that Defendants attempted, only a few months ago, to "reverse hijack" Plaintiff's domain name, <gopets.net>, only further illustrates the need for significant award.

(Dkt. 204 at 22.)

The Court later noted:
> Defendants intentionally trampled on Plaintiff's trademark rights when they placed confusing content on gopets.com in March 2007, which they did not take down until after the preliminary injunction issued.

(Dkt. 204 at 23.)

Because this case is an "exceptional" case and Plaintiff is the prevailing party, Plaintiff is entitled to reasonable attorneys' fees.

### B. Reasonable fees

In awarding fees under § 1117(a), a district court must determine the correct allocation of attorneys' fees between successful Lanham Act claims and unsuccessful

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-01870 AHM (VBKx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | GOPETS LTD. v. EDWARD HISE, *et al.* | | |

Lanham Act claims. *See Gracie v. Gracie*, 217 F.3d 1060, 1071 (9th Cir. 2000) (remanding case to permit district court to apportion fees). Fees are available only for work related to the successful claims. *Id.* "[U]nless the [district] court finds the claims are so inextricably intertwined that even an estimated adjustment would be meaningless," it has a duty "to make some attempt to adjust the fee award in an effort to reflect an apportionment [of fees]." *Id.* at 1070.

In this case, the original award of $76,260 was based in part on the fact that Plaintiff prevailed on the gopets.com ACPA claim. Now that Plaintiff is no longer the prevailing party on that claim, it contends that its fee award should be reduced by 33% to reflect the work that can be fairly attributed that claim. The Court agrees with Plaintiff that the gopets.com ACPA claim was only one component of the case—Plaintiff also expended effort in prevailing on its Lanham Act claims and the ACPA claims relating to the additional domain names. Nevertheless, the Court finds that a 50% reduction more accurately reflects a fair apportionment of effort attributable to the gopets.com ACPA claim. Accordingly, the fee award is reduced to $38,130.

Plaintiff also requests $5,765.00 for the work done in establishing its right to attorneys' fees. According to Plaintiff, this work required nine hours of a first-year associate's time and four hours of a partner's time. Because this fee request does not involve any complex legal or factual issues, the Court finds that these hours are excessive. Instead, the Court finds that this fee application reasonably required five hours of the associate's time and one hour of the partner's time. The first-year associate's billable rate is $285 per hour and the partner's rate is $800 per hour. The Court finds that these rates are reasonable. Accordingly, Plaintiff is entitled to $2225 in attorneys' fees for the work done in establishing its right to fees.

/ / /

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-01870 AHM (VBKx) | Date | September 10, 2012 |
|---|---|---|---|
| Title | GOPETS LTD. v. EDWARD HISE, *et al.* | | |

## III.   CONCLUSION

For the reasons stated above, the Court awards Plaintiff $40,335 in attorneys' fees. No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |